UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| C. Allen Bolt, | ) | |
| | ) | |
| Petitioner, | ) | Cr. No.: 6:08-cr-00213-GRA |
| | ) | (C/A No.: 6:13-cv-02706-GRA) |
| v. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | (Written Opinion) |
| Respondent. | ) | |
| | ) | |

This matter comes before this Court on Petitioner C. Allen Bolt's[1] ("Petitioner's") motion pursuant to 28 U.S.C. § 2255 and application to proceed *in forma pauperis*, both filed on September 30, 2013.[2] ECF No. 107. The Government has responded in opposition and moved for summary judgment. ECF Nos. 111 & 112. This Court grants Petitioner's request to proceed *in forma pauperis*. For the reasons set forth below, Petitioner's § 2255 Motion is DENIED and the Government's Motion for Summary Judgment is GRANTED.

## Background

On September 29, 2008, Petitioner pled guilty to possessing with intent to distribute five (5) grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B); being a felon in possession of firearms and ammunition in violation of

---

[1] Petitioner stated in an Addendum to the Initial Presentence Report that his "given name is C. Allen Bolt rather than Carlos Allen Bolt. The 'C' is not short for another name." ECF No. 82-1. Petitioner was identified as "C. Allen Bolt" in the opinion of the United States Court of Appeals for the Fourth Circuit. ECF No. 100. The § 2255 petition contains typed writing identifying the movant both as "C. Allen Bolt" and "Carlo [sic] Allen Bolt" as well as a signature stating "Carlos A. Bolt." ECF No. 107.

[2] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The electronic stamp on the envelope indicates that it was received at the prison on September 30, 2013. ECF No. 107-4.

18 U.S.C §§ 922(g)(1); and using a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  ECF No. 70.  In a separate proceeding on February 25, 2009, Petitioner pled guilty to being a felon in possession of firearms and ammunition.  Cr. No. 6:08-cr-01015-GRA-1 at ECF No. 104.  This Court sentenced Petitioner on all four charges to a total of 240 months imprisonment and five (5) years of supervised release on April 22, 2009.[3]  ECF Nos. 86 & 96.  Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit.  See ECF No. 89.  The Fourth Circuit affirmed Petitioner's conviction on April 29, 2010.  United States v. C. Allen Bolt, 376 Fed. App'x 321 (4th Cir. 2010); ECF No. 100.  Petitioner filed a petition for writ of certiorari, which was denied by the Supreme Court of the United States on February 22, 2011.  C. Allen Bolt v. United States, 131 S. Ct. 1466 (2011).

Petitioner filed the present Motion under 28 U.S.C. § 2255 on September 30, 2013.  ECF No. 107.  Petitioner raised two grounds in his petition: "Was the Government required to proffer evidence that Bolt actively employed a firearm to convict him under the 'use' element of a 924(c) charge," and "was the defense/appellate counsel ineffective for not raising the issue set forth in ground one of this petition?"  Id.  This Court ordered the Government to respond on November 8, 2013.  ECF No. 109.  The Government responded in opposition and moved for summary judgment on December 6, 2013.  ECF No. 111 & 112.  This Court issued a

---

[3] This sentence consisted of sixty months on the drug charge, 120 months on the felon in possession charge from the instant proceeding with these terms to run concurrent, 180 months on the felon in possession charge from the other proceeding also to run concurrent, and sixty months on the charge of using a firearm in furtherance of a drug trafficking crime, this final charge to run consecutive to the other counts for a total term of 240 months imprisonment.  ECF No. 96.

Roseboro Order to Defendant on December 9, 2013, explaining the summary judgment procedure and directing Defendant to respond within 34 days. ECF No. 113. Defendant did not respond to the Government's Motion for Summary Judgment.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

Petitioner filed the present petition on September 30, 2013, asking this Court to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 107. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. This limitations period may be raised *sua sponte* by the Court. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The limitations period began to run on Petitioner's § 2255 petition after his judgment of conviction became final. In this case, the Supreme Court issued its judgment on February 22, 2011. Thus, the one-year period of limitations to file a motion pursuant to § 2255 expired on February 22, 2012. The current motion was filed by Petitioner on September 30, 2013. Therefore, the motion clearly appears untimely on its face.

Petitioner, in an attempt to show that his § 2255 petition is timely, cites to *United States v. Miller*, 735 F.3d 141 (4th Cir. 2013), which "made retroactive the case of" *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). ECF No. 107. Petitioner argues that *Simmons* "announced a new substantive rule" and that

*Miller* made this rule retroactively applicable to cases on collateral review, thus satisfying 28 U.S.C. § 2255(f)(3). *Id.* Petitioner also relies on *United States v. Bailey*, 516 U.S. 137 (1995). Based on these cases, Petitioner argues that he is actually innocent of the charge of "use of a firearm" in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c), as Petitioner's firearm was "simply leaning against a closet wall" and was not "actively employed." *Id.* Petitioner also cites to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), as allowing claims of actual innocence to overcome the statute of limitations for habeas appeals, *id.* at 1928.

First, Petitioner's reliance on *Bailey* is misplaced as Congress altered 18 U.S.C. § 924(c) in 1998, following the *Bailey* decision and before Petitioner was sentenced. *Abbott v. United States*, 131 S. Ct. 18, 25 (2010) ("The 1998 alteration responded primarily to . . . *Bailey v. United States* . . . [which] held, § 924(c)(1) did not reach 'mere possession' of the weapon." (citations omitted)). "In the wake of *Bailey* . . ., Congress amended 18 U.S.C. § 924(c) to criminalize the 'possession' of a firearm 'in furtherance of' certain crimes." *United States v. Lomax*, 293 F.3d 701, 703 (4th Cir. 2002). "The legislative history indicates that the amended version of the statute added the phrase criminalizing possession 'in furtherance of' a drug trafficking crime in order to 'reverse the restrictive effect of the *Bailey* decision.'" *United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002) (quoting H.R. Rep. 105-344, at 6 (1997)). Petitioner was sentenced in 2009, well after the 1998 legislative amendment which altered the result in *Bailey* was enacted.

Second, Petitioner's Motion is correct in its statement that *Simmons* was not made retroactive to cases on collateral review when it was decided on August 17, 2011, but has since been made retroactive by *Miller*, which was decided on August 21, 2013. *Miller*, 735 F.3d at 146. In *Miller*, the Fourth Circuit held that "*Simmons* altered the class of persons that the law punishes . . . and announced a substantive rule that is retroactively applicable." *Id.* (citations and internal quotation marks omitted). However, it is not clear how either of these cases will help Petitioner in his claim of actual innocence of the charge under 18 U.S.C. § 924(c). The only relation to the issues raised by Petitioner is the discussion in *Miller* of the *Bailey* case as an example of a new substantive rule for purposes of comparison. *Id.* Neither *Miller* nor *Simmons* deal with 18 U.S.C. § 924(c) or the elements required for a conviction under this statute. Therefore, although these cases present a right, "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," Petitioner does not meet the requirements of 28 U.S.C. § 2255(f)(3) because he is not relying on any retroactively applicable right created by these cases.

Third, Petitioner's claim that he is entitled to relief from this procedural bar under *McQuiggin* is incorrect. The Supreme Court explained that an equitable exception to the statute of limitations applicable to habeas matters does exist, but this gateway is rare and exists only "in light of new evidence" so strong that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (explaining that this demanding standard is seldom met). A claim of actual innocence

under *McQuiggin* will not excuse late filing if the petitioner fails to present newly-discovered evidence that was not known at the time of trial. *Adkins v. Cartledge*, Civil Action No. 1:12-3131-MGL, 2013 WL 4459529, at *3 (D.S.C. Aug. 16, 2013). Petitioner has not cited to any new evidence that would make *McQuiggin* applicable.

Finally, equitable tolling is not applicable to Petitioner's Motion. Equitable tolling applies to § 2255 proceedings and relieves a petitioner from the applicable statute of limitations. *Holland v. Florida*, 560 U.S. 631, 634 (2010). However, equitable tolling is only applicable when a petitioner was either "prevented from asserting [his] claims by some kind of wrongful conduct on the part of the defendant" or "extraordinary circumstances beyond [petitioner's] control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)). A movant seeking equitable tolling must show "(1) that he has diligently pursued his rights and (2) that some extraordinary circumstances prevented the timely filing." *United States v. Oriakhi*, 394 F. App'x 976, 977 (4th Cir. 2010). Here, Petitioner has not alleged facts showing extraordinary circumstances that would entitle him to equitable tolling of the statute of limitations contained in 28 U.S.C. § 2255(f).

## Conclusion

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the Motion without a hearing. This Court declines to issue a certificate of appealability in this matter.[4]

---

[4] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 is DENIED.  The Government's Motion for Summary Judgment is GRANTED, and this matter is DISMISSED, with prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March 17, 2013
Anderson, South Carolina

---

2254 & 2255.  This Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").